ORIGINAL

Clyde C. Greco, Jr., Esq., SBN 085970
clyde.greco@gtlaw.cc
Jon S. Brick, Esq., SBN 120474
jsb@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
185 West F Street, Suite 400
San Diego, California 92101
Tel: (619) 234-3660
Fax: (619) 234-0626

Attorneys for Plaintiff MT. HAWLEY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA



| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: **5038**<br><br>**COMPLAINT FOR:**<br><br>1. **EQUITABLE SUBROGATION;**<br>2. **EQUITABLE INDEMNITY/ EQUITABLE CONTRIBUTION; AND**<br>3. **DECLARATORY RELIEF.** |

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, and prior to the filing of any responsive pleading herein, Plaintiff, MT. HAWLEY INSURANCE COMPANY ("MT. HAWLEY") files its Complaint and alleges as follows:

### JURISDICTION AND VENUE

1.     MT. HAWLEY is a corporation formed and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and it is therefore deemed a citizen of the State of Illinois.

2.     MT. HAWLEY is informed and believes and thereon alleges that Defendant NAVIGATORS SPECIALTY INSURANCE COMPANY ("NAVIGATORS") is a corporation formed and existing under the laws of the State of New York, with its principal

place of business in the State of New York, and it is therefore deemed a citizen of New York.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the Northern District of California, as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District. Specifically, as described below, the underlying lawsuit for which MT. HAWLEY seeks reimbursement is venued in Humboldt County in the Northern District.

## INSURANCE CONTRACTS

5. MT. HAWLEY issued Commercial General Liability Policy No. MGL0158989 (7/20/09-7/20/10) to named insured MAYAN CONSTRUCTION, INC. ("MAYAN").

6. MT. HAWLEY is informed and believes, and thereon alleges, that Defendant NAVIGATORS issued commercial general liability policies, policy nos.FF07CGL009435-00; 01 and 02, for the periods 9/1/07-9/1/08 and thereafter, to named insured Bouchey Roofing, Inc., which also named MAYAN as an additional insured.

## UNDERLYING LAWSUIT

7. On or about August 18, 2006, MAYAN and the County of Humboldt entered into a contract for MAYAN to service a general contractor for the expansion and renovation of the passenger terminal at the Arcata-Eureka Airport. Work on the project was completed and a Notice of Completion was filed on or about September 1, 2009. During the course of the project and the filing of the Notice of Completion, the County withheld progress payments owed to MAYAN and also withheld substantial funds as liquidated damages. The County cited the roof installed by Bouchey Roofing, Inc. as a major component in its decision to withhold funds from MAYAN.

8. Following an administrative claims procedure, on or about March 31, 2010 MAYAN filed a complaint in the Superior Court for the County of Humboldt for breach of contract, breach of covenant of good faith and fair dealing, negligence, misrepresentation and violation of Public Contract Code section 7107 seeking in excess of $1 million in damages.

9. On or about August 24, 2010 the County filed a Cross-Complaint against

X:\WPDocs\RLI\RLI-170\Pleadings\Complaint 102610.doc          -2-

## COMPLAINT

MAYAN for breach of contract and seeking unspecified damages according to proof.

10. On or about September 27, 2010 MAYAN filed its Answer to the Cross-Complaint of the County, as well as a Cross-Complaint against the roofing contractor, Bouchey Roofing, and others. As part of that Cross-Complaint MAYAN seeks express indemnity from Bouchey Roofing pursuant to the terms of the subcontract entered into by Bouchey.

11. In addition, MAYAN and MT. HAWLEY have tendered defense and indemnity of MAYAN to Bouchey Roofing's insurance carrier, Defendant NAVIGATORS, pursuant to (1) Bouchey Roofing's obligation to defend and indemnify MAYAN under the terms of its subcontract; and (2) MAYAN's status as an additional insured under the NAVIGATORS policy.

12. NAVIGATORS has failed to accept the tender of defense or otherwise provide for defense of MAYAN and MT. HAWLEY as MT. HAWLEY continues to defend MAYAN in the underlying action.

## FIRST CLAIM FOR RELIEF

### (Equitable Subrogation)

13. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 12 above, as though set forth in full.

14. MT. HAWLEY is subrogated to its insured's (MAYAN's) rights as against NAVIGATORS and entitled to an equitable subrogation recovery from NAVIGATORS for all sums that is has expended in attorneys' fees, experts/consultants, costs and indemnification of MAYAN, if any, in the Underlying Lawsuit by reason of the following: (1) NAVIGATORS owes a duty to defend and indemnify MAYAN in the Underlying Lawsuit and has breached such duty; (2) MT. HAWLEY's policy is excess to that of NAVIGATORS with regard to these matters; and (3) MT. HAWLEY is defending MAYAN in the Underlying Lawsuit.

///

///

X:\WPDocs\RLI\RLI-170\Pleadings\Complaint 102610.doc                -3-

## SECOND CLAIM FOR RELIEF

### (Equitable Indemnity/ Equitable Contribution)

15.     Plaintiff repeats and incorporates herein by reference paragraphs 1 through 14 above, as though set forth in full.

16.     MT. HAWLEY is entitled to equitable indemnity and/or contribution from NAVIGATORS for all sums that it has expended or will expend in attorneys' fees, experts/consultants, costs and indemnification, if any, of MAYAN in the Underlying Lawsuit by reason of the following: (1) MT. HAWLEY's policy, if any, is excess to NAVIGATORS' primary policies with regard to the Underlying Lawsuit; (2) NAVIGATORS' primary policies have not exhausted and afford, by their terms and conditions, coverage to MAYAN; and (3) NAVIGATORS has wrongfully refused to provide such coverage for the Underlying Lawsuit.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

17.     Plaintiff incorporates herein by reference all of the allegations set forth in paragraphs 1 through 16 above, as though set forth in full.

18.     MT. HAWLEY is informed and believes, and thereon alleges, that NAVIGATORS owes a duty to defend and indemnify MAYAN in the Underlying Lawsuit. Nevertheless, NAVIGATORS has refused and failed to defend and indemnify MAYAN in the Underlying Lawsuit. As a result, MT. HAWLEY has incurred, and will continue to incur, expenses for which it is entitled to reimbursement from NAVIGATORS.

19.     An actual controversy exists between MT. HAWLEY and NAVIGATORS with respect to the obligations under the Commercial General Liability policies issued by NAVIGATORS to MAYAN with respect to the following:

  a. Whether NAVIGATORS owes a duty to defend MAYAN in the Underlying Lawsuit;

  b. Whether NAVIGATORS owes a duty to indemnify MAYAN in the Underlying Lawsuit; and

  c. Whether NAVIGATORS owes reimbursement of MT. HAWLEY for the

X:\WPDocs\RLI\RLI-170\Pleadings\Complaint 102610.doc          -4-

1    defense costs incurred in the Underlying Lawsuit in defending MAYAN.

2    20.    MT. HAWLEY contends that it is entitled to 100 percent reimbursement from

3    NAVIGATORS for the amounts expended in defendant costs and indemnification, if any, in

4    the Underlying Lawsuit.

5    21.    MT. HAWLEY desires a judicial determination of the rights, duties and

6    liabilities of MT. HAWLEY and NAVIGATORS under their respective liability insurance

7    policies issued to MAYAN, and desires that the Court issue a declaration as follows:

8        a.    That NAVIGATORS owes a duty to defend MAYAN in the Underlying

9            Lawsuit;

10       b.    That NAVIGATORS owes reimbursement to MT. HAWLEY for all costs

11           expended by MT. HAWLEY for attorneys', experts' and other costs in

12           defense of the Underlying Lawsuit;

13       c.    That NAVIGATORS owes a duty to indemnify MAYAN in the Underlying

14           Lawsuit; and

15       d.    That MT. HAWLEY's policy is excess to each of NAVIGATORS' policies

16           with respect to the duty to defend or indemnify in the Underlying Lawsuit.

17    WHEREFORE, MT. HAWLEY INSURANCE COMPANY prays for judgment

18   against NAVIGATORS as follows:

19   **First Claim for Relief**

20   1.  For a 100 percent equitable subrogation recovery from NAVIGATORS for all

21       sums expended by MT. HAWLEY for defense and indemnity, if any, on behalf of

22       MAYAN in the Underlying Lawsuit.

23   **Second Claim for Relief – (Alternative Claims)**

24   1.  For equitable contribution or, in the alternative, equitable indemnity from

25       NAVIGATORS for all sums expended by MT. HAWLEY for defense and for

26       indemnity on behalf of MAYAN in the Underlying Lawsuit.

27   **Third Mayan Claim for Relief**

28   1.  For a declaratory judgment against NAVIGATORS as set forth in paragraphs

X:\WPDocs\RLI\RLI-170\Pleadings\Complaint 102610.doc          -5-

**COMPLAINT**

1     18-21 of the Complaint; and

2     2. For a judgment of the Court declaring that MT. HAWLEY is entitled to 100%

3     reimbursement from NAVIGATORS for all amounts expended in defense and/or

4     indemnity in the Underlying Lawsuit.

5     **On All Causes of Action**

6     1. For costs of suit incurred herein;

7     2. For such other and further relief as the Court may deem just and proper.

8

9

10    Dated: November _5_ , 2010          GRECO TRAFICANTE SCHULZ & BRICK

11

12                                       By: _____
                                              (Jon S. Brick, Esq.
13                                            Attorneys for Defendant
                                              MT. HAWLEY INSURANCE COMPANY
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

X:\WPDocs\RLI\RLI-170\Pleadings\Complaint 102610.doc          -6-

**COMPLAINT**